### No. 9874.

THE STATE OF LOUISIANA EX REL. THE BOARD OF ADMINISTRATORS OF THE CHARITY HOSPITAL VS. F. A. MONROE, JUDGE OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

Mandamus will not lie to compel a judge of the Civil District Court to rehear a cause which, in the exercise of undisputed jurisdiction, he has heard, and in which he has

rendered a final judgment disposing of the whole merits of the cause, and forming *res adjudicata* between the parties, on allegations of the insufficiency and illegality of the reasons on which such judgment was based.

APPLICATION for Mandamus.

*J. R. Beckwith*, for the Relator.

The opinion of the Court was delivered by

FENNER, J. The Board of Administrators of the Charity Hospital brought a suit against the vessel "Lucy P. Miller," her captain and owners, in the First City Court of New Orleans, to recover the sum of $100 claimed under the provisions of Section 2705 of the Revised Statutes, viz: "If any vessel, inward or outward, bound to the port of New Orleans, shall employ as a pilot a person who is not a duly licensed branch pilot, when a duly licensed branch pilot offers, the said vessel, her captain and owners, shall forfeit the sum of $100, with privilege on said vessel, to be recovered before any court of competent jurisdiction, in the name of the Charity Hospital of New Orleans, for the benefit of the Hospital."

Judgment was rendered in favor of the hospital, and an appeal was taken to the district court and was allotted to Division C, presided over by the respondent judge.

After due hearing, the following decree was rendered by the latter court: "For the reasons assigned in the written opinion this day delivered and filed, it is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is further ordered that the writ of sequestration herein issued be quashed and that the plaintiff's demand be rejected, with costs in both courts."

This judgment, after refusal of a new trial, became final.

Thereafter, the relator presented this application for mandamus, in which he avers that the respondent judge, in violation of law, declined to hear and determine the said cause on its merits, but rendered judgment on the ground that neither the First City Court nor the Civil District Court had power to entertain said action, because said courts are of civil jurisdiction only, and that said suit could only be heard and determined in a court having criminal jurisdiction; and they pray for a mandamus, ordering the respondent judge to proceed and decide said cause on its merits. The return of the judge sets forth substantially that, in the exercise of undisputed appellate jurisdiction, he has heard and decided the cause referred to on its merits; that his judgment has become final, and is the property of the party in whose favor

it was rendered; that the said cause is no longer pending in his court; and that to command him to proceed with further trial thereof, will be to ignore and virtually annul the final judgment therein rendered, without affording the parties in interest an opportunity to be heard; and to command respondent to proceed with the trial of a cause which he was competent to decide, and has long since decided, and which is not now pending in his court.

It is impossible to evade or overcome the conclusive force of this return.

The jurisdiction of respondent to hear and determine the appeal is not disputed, but is affirmed by relators.

In the exercise of that jurisdiction, he had full authority to affirm, amend or reverse the judgment appealed from and to render such judgment as should, in his opinion, have been rendered by the inferior court.

He has fully exercised that jurisdiction, and has rendered a final judgment, disposing of the whole case and forming *res judicata* between the parties, which has become the property of the defendants in that cause, which is not absolutely null, and which cannot be set aside without notice to them.

The authority of such a judgment is not affected by the merit or demerit of the reasons which prompted the judge.

Referring, however, to the written reasons of the judge, we find therein no such declension of jurisdiction as is averred by relator.

We find that the defendant had filed an answer setting up various special defenses to the action, amongst which are the two following:

1st. That the sections (R. S.) relied on to inflict a penalty which can be recovered only in a proceeding by and in the name of the State;

2d. That plaintiffs, though claiming for themselves, have no interest in the full amount herein claimed, even if entitled thereto, which is denied.

These are the defenses which the respondent, in his reasons, sustains. It is obvious that they are not, necessarily, jurisdictional in their character, but are defenses to plaintiffs' right of action.

If there was error in sustaining them, the writ of mandamus affords no remedy therefor in the situation of this case.

We might as well be called on to compel a court to rehear and determine a cause anew, because the first judgment was based on an erroneous determination on a plea of prescription or want of proper parties, or any like plea. State ex rel. Berthoud vs. Judges, 36 Ann.

State ex rel. Board of Administrators vs. Judge.

982; State ex rel. Cupples vs. Judges, Id. 1016; State ex rel. Insurance Company vs. Judges, 36 Ann. 316.

When any court shall render a judgment declining jurisdiction of a suit like this, under Art. 2705 of the Revised Statutes, on the ground that such jurisdiction vests in criminal courts alone, we might revise such ruling under our supervisory jurisdiction; but we cannot correct a final judgment on the merits of the cause on allegations of error in the reasons therefor.

Mandamus refused.

---

### DISSENTING OPINION.

BERMUDEZ, C. J. The complaint is that the district judge reversed the judgment of the city court and rejected the plaintiffs' demand; and that, in justification of his action, the judge ruled that as the city court had no jurisdiction, his own court sitting on appeal has none; and that if this ground is insufficient, then that the action was improperly brought by the trustees as beneficiaries and should have been instituted by the State herself.

To obtain relief the relators have prayed for a *certiorari*, that the validity of the proceedings below be ascertained, and for a *mandamus* to compel the district judge to determine the case in a different form or pass upon the merits.

### I.

The judgment is irregular on its *face*. If it be true that the city court had no jurisdiction and that the suit was improperly brought by the trustees, the judgment ought *not* to have *rejected* the demand, for that is a judgment in favor of the defendant. It ought to have been one of *dismissal* only.

### II.

It is clear that the city court had jurisdiction, for the claim was for a sum of money not exceeding one hundred dollars, which, if due, could not have been recovered by direct suit before any civil court, still less before a criminal court, which has no civil jurisdiction. If the city court had jurisdiction, the district court ought to have determined the case in a different form, or on the merits. Refusal to do so, however conscientiously announced, is a proper cause for a *mandamus*.

The judgment of the district court ought to be annulled and that court directed to rehear and to determine the cause in another form or on its merits.

DISSENTING OPINION.

WATKINS, J.   Relators are plaintiffs in the suit entitled *Board of Administrators of the Charity Hospital vs. Henry Galt, master and owner of Steamship Lucy P. Miller*, instituted in the First City Court of New Orleans, under the provisions of R. S. Sec. 2705, for the recovery of the fine of $100, specified therein, against defendants; *and* the enforcement of this privilege on the vessel.   Said master was regularly cited, and the vessel sequestered.   Dilatory and declinatory exceptions were filed and overruled.

In answer, defendant urges the implied repeal of R. S. 2705 by Act 63 of 1877; and that, if unrepealed, the same is unconstitutional. Further, that the provisions of that law are in restraint of commerce and trade, and, therefore, in violation of the Constitution of the United States.   That " section of the Revised Statutes, under which the plaintiffs claim, inflicts a *penalty* on respondent, in an *ex parte* proceeding, and that the *proceeding* to mulct respondent, could only be *instituted by the State of Louisiana, or in her name and behalf*.

Finally, he denies that plaintiffs have any right " to the *full* amount herein claimed ; " and disavow any indebtedness.   Judgment was contradictorily rendered in favor of plaintiffs for amount claimed, with recognition of privilege on vessel.   Citation of appeal was served on September 10, 1885.

The cause was submitted, in the court of the respondent, on December 21, 1885.

In the record there is an agreement of counsel, in which are admitted the following facts, viz :

1st.   That a duly licensed branch pilot did offer his services to the master. .

2d.   That said offer was declined.

3d.   That said demand was made on pilotage grounds, at time stated.

4th.   That the master availed himself of the services of another person, who was not a licensed branch pilot, for carrying his vessel out to sea."

Those are *all* the matters of *fact* essential to a recovery under the statute, quoted in opinion.   Upon those pleadings and facts the case was examined ; and this respondent's decree recites that " for reasons assigned in the *written opinion* of the court, on this day delivered and filed," the judgment appealed from is annulled and reversed, etc.

From an examination of the *written opinion*, referred to in the judgment of respondent's court, and made part of his return, it appears

that he simply decided that, in his opinion, the "ground of defense" to the effect that "the provisions of the law relied on by plaintiffs, inflict *a penalty in the nature of a fine,* which is not recoverable in this *form* of proceeding," is well taken.

What are the *reasons assigned* in the respondent's *written opinion,* above referred to, and *made part of his return?* He says: "If these propositions were correct in the case cited—and I imagine they will not be disputed—*à fortiori,* are they correct in the case at bar, since here the *penalty is imposed by law, for a violation of law, and the liability therefor can be ascertained and fixed only through the medium of a prosecution by the State, and not at the suit, in a civil court, of the third person named, as the beneficiary of the fine.* * * * * * *

"The law is essentially *penal* in its character, and, if the *penalty* of the forfeit can be enforced in this *court,* at the *suit* of the plaintiffs, there could be no reason why the *penalty of imprisonment might not be enforced in the same way, if the statute had contained that word.*

"*For these reasons,* it is ordered, adjudged and decreed that the judgment appealed from be reversed, and plaintiff's demands rejected, with costs of both courts."

What is the complaint made by relator's of respondent's proceedings?

That he refused to take cognizance of the *merits* of said cause, and held and decided that the statute invoked imposed a *penalty,* and that liability therefor could "be ascertained and fixed *only* through the medium of a *prosecution by the State,*" and could not be recovered in a *civil* court."

They claim that, in so deciding, respondent was guilty of a denial of justice, because the *civil courts have* jurisdiction of such suits; and he should have proceeded to try and decide the cause on its *merits.*

The statute provides that, under the circumstances recited "the said *vessel,* her captain and owners, shall forfeit the sum of $100, *with privilege on the vessel,* to be recovered before *any court of competent jurisdiction, in the name of the Charity Hospital of New Orleans, for the benefit of the hospital.*"

It is too obvious to require the aid of argument that courts of *civil* jurisdiction *only* could enforce the *privilege on the vessel;* and same could *only* be enforced by *suit.*

Here we have under consideration no *penalty,* in the sense of respondent's opinion.

The words of the statute are: "The vessel, her captain and owners, shall *forfeit the sum* of $100, with privilege on the vessel," etc. It is

recoverable "in the *name* of the Charity Hospital of New Orleans, for the *benefit* of the hospital."

That is a State institution, which is fostered by it and furnished with aliment. It is a *charity* hospital in *fact*, as in name. The Legislature had the right to give this *particular* destination to the funds when recovered, as it had the undeniable right to create liability for them. It had equally a right to confer upon relators the power to sue for their recovery, as it did to secure their enforcement by privilege on the vessel.

I do not think there is any reasonable doubt of relators' right to relief by mandamus. As I have shown, the respondent's court was vested with *undoubted* jurisdiction to try and decide the *merits* of the controversy on appeal; and the First City Court had undoubted jurisdiction in the first instance.

Having jurisdiction of the cause, it was the plain constitutional duty of respondent to exercise it and decide it on its merits. There was no contention as to the facts. They were admitted. Respondent's failure to try and decide said cause on its *merits*, under the circumstances detailed, was, in my opinion, practically a denial of justice, for which there could be no other *adequate* remedy than mandamus.

"The writ of mandamus is expressly authorized for the purpose of directing a court of inferior jurisdiction to perform some certain act belonging to the place or quality with which it is clothed, which is the precise relief sought here." C. P. 829; 32 Ann. 774, State ex rel. Cobb & Gunby vs. Judges; 33 Ann. 358, State ex rel. Harper vs. Judges.

In State ex rel. Dupereir vs. Judge, 35 Ann. 736, this Court say: "A mandamus lies to compel the trial of a cause, when the judge has *illegally refused to go into the merits of the action*, upon the erroneous construction of some question of *practice preliminary* to whole case." High's Ex. Legal Rem., secs. 150, 151.

Mandamus "may be directed more particularly to judges of inferior courts, commanding to render justice," etc. C. P. 837.

It matters not that respondent was only exercising appellate jurisdiction; it was the *same* jurisdiction that had been exercised by the court of first instance in a different way.

The respondent failed to decide, *on its merits*, a cause of which he had undoubted jurisdiction.

The effect of respondents decree was to oust the jurisdiction of the First City Court, and leave the relators without remedy. That was a denial of justice, which should be remedied by mandamus.